## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| In re: ) | |
| ) | |
| Roger A. Preston ) | Case No. 13-36881-KRH |
| Yvette A. Preston ) | Chapter 13 |
| ) | |
| Debtor. ) | |

### OBJECTIONS TO CHAPTER 13 PLAN

Grace G.S. Moore ("Ms. Moore"), by counsel, respectfully submits her objections to the Chapter 13 Plan and Related Motions dated January 7, 2014 (the "Plan") filed with the Court by Roger A. Preston and Yvette A. Preston (the "Debtors"). In furtherance thereof, Ms. Moore respectfully states as follows:

**Background**

1. In 2012, Ms. Moore agreed to convey to the Debtors the residential real property located at 2402 Rosewood Avenue, Richmond, VA 23220 (the "Property") for a bargain purchase price of $240,000.00 (the "Purchase Price"). The Debtors are Ms. Moore's granddaughter and her granddaughter's husband.

2. The conveyance was implemented in two parts, by Deed dated June 1, 2012 and by Deed dated September 12, 2012. The Debtors hold title to the Property as tenants by the entireties.

Counsel for Grace G.S. Moore
David R. Ruby, Esquire (VSB #22703)
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Telephone: (804) 698-6220
Facsimile: (804) 780-1813
Email: druby@t-mlaw.com

3. At the time of the conveyance, the Property was in excellent, updated, fully-renovated condition. The Property is located in a desirable neighborhood. At the time of the conveyance, the Property possessed a value in the $291,000.00 - $342,000.00 range.

4. Through September 19, 2012, the Debtors had paid $120,317.46 of the Purchase Price, leaving a balance due of $119,682.50. No further payments have been made.

5. Ms. Moore sued the Debtors in the Circuit Court of the City of Richmond (the "State Court") for non-payment of the full Purchase Price. At a hearing conducted on December 9, 2013, the State Court rendered judgment in favor of Ms. Moore and against the Debtors for the full balance due of $119,682.50 (the "Judgment").

6. On December 25, 2013 (the "Petition Date"), the Debtors filed a joint voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code (the "Code"). Robert E. Hyman, Esquire (the "Trustee") serves as Chapter 13 trustee in the case.

7. Ms. Moore's claim against the Debtors in the full amount of the Judgment is listed in the Debtor's Schedule F as a joint general unsecured claim (the "Moore Claim"). The Moore Claim is not listed as being contingent, unliquidated or disputed. The Moore Claim is further evidenced by the Proof of Claim filed by Ms. Moore on March 10, 2014 (Claim No. 5-1) (the "Moore Proof of Claim").

**Objections to Plan**

8. The Plan fails on a number of counts, including, but not limited to, the following:

First, the Debtors fail to value the Property at fair market value. The Property continues to be in excellent, updated, fully-renovated condition, and the neighborhood continues to be an attractive, desirable neighborhood. Based upon a current comparative market analysis and review of comparable properties that have sold in recent months, the Property possesses a

2

value in the $294,500.00 - $339,500.00 range.  At the $149,300.00 figure set forth in the Debtors' Schedules and adopted in the Plan, the value of the Property and the resulting equity therein have been understated in the $45,000.00 - $90,000.00 range.  That value needs to be accounted for and paid to claimants holding joint general unsecured claims.

Second, the Plan provides for *all* general unsecured creditors to receive a portion of the proceeds emanating from a proposed future refinancing of the mortgage loan on the Property.  Because the Property is held by the Debtors tenants by the entireties, only joint creditors of the Debtors are entitled to make a claim against the Property or proceeds therefrom.  Accordingly, Ms. Moore objects to any proceeds emanating from a refinancing, other loan against or sale of the Property other than to make payments to the Debtors' pre-petition joint general unsecured creditors, of which Ms. Moore holds ninety-two and one-half percent (92 ½%) of such claims.

Third, the Plan provides for joint general unsecured creditors to receive distributions of only fifty-one percent (51%).  Based on the range of values of the Property and consequent Debtors' equity in the Property, joint general unsecured creditors should be receiving distributions in the eighty-one percent to one hundred percent (81% - 100%) range, just as they would receive if the Debtors had filed a Chapter 7 case and the Property were being liquidated by a Chapter 7 trustee, calculated as follows:

| | | |
|---|---|---|
| **Value of Property/Projected Sales Price** | | **$294,500.00 - $339,500.00** |
| Less Costs of Sale | | |
| Mortgage Payoff as of Petition Date | ($142,107.00) | |
| 6% Real Estate Commission | ($17,670.00 - $20,370.00) | |
| Miscellaneous Costs of Sale | ($1,000.00) | $161,777.00 - $164,477.00 |
| | | |
| **Net Proceeds from Sale of Property** | | **$132,723.00 - $175,023.00** |
| Less Chapter 7 Administrative Costs | | |
| Maximum Homestead Exemption Available to Debtors against Property | ($10,000.00) | |
| Chapter 7 Trustee Commissions | ($17,475.00 - $18,600.00) | ($27,475.00 - $28,600.00) |
| | | |
| **Funds to be Distributed to Joint General Unsecured Creditors in Chapter 7 Case from Sale of Property** | | **$105,246.00 - $146,423.00** |
| Joint General Unsecured Creditors per Schedule F: | | $129,383.50 |
| **Percentage Distributions to Joint General Unsecured Creditors in Chapter 7 Case** | | **81.34% - 100%** |

Based upon the above analysis, Plan distributions do not equal that which joint unsecured creditors would receive in a Chapter 7 liquidation of the Debtors' estate in violation of § 1325(a)(4) of the Code.

Fourth, the Plan provides for the Debtors to make payments of $300.00 per month for twelve (12) months, the amount of their net income available for making distributions as reflected in their Schedules and Plan.  After the first twelve (12) months, the Plan provides for payments to increase to $1,100.00 per month for the next twenty-four (24) months.  The Debtors' current income will not support such an increase.  Regarding increased resources to make the increased payments, the Debtors baldly state that "Debtors anticipate that [Mr. Preston] will be employed within 12 months."  The Debtors' Schedules reflect that Mr. Preston has been unemployed for more than sixteen (16) months.

Further, the Plan provides for a maximum payment of $56,000.00 into the Plan from a refinancing of the mortgage loan on the Property to take place on or before December 31,

4

2014. The Debtors provide no details about this new loan and no lender commitment. The Debtors do acknowledge that fees and costs will be incurred in connection with the refinancing which would reduce the payment into the Plan and that mortgage loan payments would increase.

Given Mr. Preston's current and prolonged state of unemployment, lack of refinancing details and lack of lender commitment, the proposed increase in payments from $300.00 per month to $1,100.00 per month after twelve (12) months and proposed $56,000.00 payment from a refinancing to take place by the end of 2014 are not realistic. Accordingly, the Plan is not feasible and cannot be confirmed pursuant to § 1325(a)(6) of the Code.

Fifth, the Debtors commenced their bankruptcy case shortly after the State Court had rendered the Judgment against them and "on the eve" of the State Court entering/docketing the Judgment. Further, the Moore Claim constitutes ninety-two and one-half percent (92 ½%) of the joint general unsecured claims against the Debtors. Given the Debtor's inaccurate, low-ball valuation placed on the Property, the timing of the commencement of the Debtors' bankruptcy case, the lack of other general unsecured creditors and the lack of feasibility of the Plan, it is clear that the Debtors did not file the bankruptcy in good faith as required by § 1325(a)(7) of the Code and that the Plan was not proposed in good faith as required by § 1325(a)(3) of the Code.

**Prayer for Relief**

WHEREFORE, Ms. Moore respectfully requests the Court to deny confirmation of the Debtors' Chapter 13 Plan and to grant such other relief as the Court shall deem just and proper.

Respectfully submitted,

Grace G.S. Moore

By: ___/s/ David R. Ruby___
      Counsel

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of March, 2014, a true and accurate copy of the foregoing Objections was served via First Class U.S. Mail (postage prepaid), via e-mail or via the Electronic Case Filing (ECF) system, as appropriate and as indicated, on the following parties:

Robert B. Van Arsdale, Esquire*
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia  23219
[Robert.B.Van.Arsdale@usdoj.gov]

Robert E. Hyman, Esquire*
P.O. Box 1780
Richmond, VA 23218-1780
[Chapter 13 Trustee]

Pia J. North, Esquire*
North & Associates, P.C.
5913 Harbour Park Drive
Midlothian, VA 23112
[Debtors' Counsel]

      /s/ David R. Ruby
      David R. Ruby

[*Indicates service by ECF or e-mail.  All others served by First Class U.S. Mail, postage prepaid.]