UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| In re: ) | |
| ) | |
| Roger A. Preston ) | Case No. 13-36881-KRH |
| Yvette A. Preston ) | Chapter 13 |
| ) | |
| Debtor. ) | |

## OBJECTIONS TO SECOND MODIFIED CHAPTER 13 PLAN

The Estate of Grace G. Moore (the "Moore Estate"), by counsel, respectfully submits its objections to the Second Modified Chapter 13 Plan and Related Motions dated September 23, 2014 (the "Second Modified Plan") filed with the Court by Roger A. Preston and Yvette A. Preston (the "Debtors"). In furtherance thereof, the Moore Estate respectfully states as follows:

### Background

1. In 2012, Mrs. Grace G. Moore ("Mrs. Moore") agreed to convey to the Debtors the residential real property located at 2402 Rosewood Avenue, Richmond, VA 23220 (the "Property") for a bargain purchase price of $240,000.00 (the "Purchase Price"). The Debtors were Mrs. Moore's granddaughter and her granddaughter's husband.

2. The conveyance was implemented in two parts, by Deed dated June 1, 2012 and by Deed dated September 12, 2012. The Debtors hold title to the Property as tenants by the entireties.

Counsel for Estate of Grace G. Moore
David R. Ruby, Esquire (VSB #22703)
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Telephone: (804) 698-6220
Facsimile: (804) 780-1813
Email: druby@t-mlaw.com

3. At the time of the conveyance, the Property was in excellent, updated, fully-renovated condition. The Property is located in a desirable neighborhood. At the time of the conveyance, the Property possessed a value in the $291,000.00 - $342,000.00 range.

4. Through September 19, 2012, the Debtors had paid $120,317.46 of the Purchase Price, leaving a balance due of $119,682.50. No further payments have been made.

5. Mrs. Moore was forced to sue the Debtors in the Circuit Court of the City of Richmond (the "State Court") for non-payment of the full Purchase Price. At a hearing conducted on December 9, 2013, the State Court rendered judgment in favor of Mrs. Moore and against the Debtors for the full balance due of $119,682.50 (the "Judgment").

6. On December 25, 2013 (the "Petition Date"), the Debtors filed a joint voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code (the "Code"). Robert E. Hyman, Esquire (the "Trustee") serves as Chapter 13 trustee in the case.

7. It is clear that the purpose and timing of the filing were to delay and thwart Mrs. Moore's efforts to enforce the Judgment and collect the remaining due on the Purchase Price. During the nearly ten (10) months since the commencement of their case, the Debtors have filed three (3) plans and no plan has yet to be confirmed.

8. Mrs. Moore's claim against the Debtors in the full amount of the Judgment is listed in the Debtors' Schedule F as a joint general unsecured claim (the "Moore Claim"). The Moore Claim is not listed as being contingent, unliquidated or disputed. The Moore Claim is further evidenced by the Proof of Claim filed by Mrs. Moore on March 10, 2014 (Claim No. 5-1) (the "Moore Proof of Claim").

9. The Moore Proof of Claim constitutes the sole joint general unsecured claim against both of the Debtors.

10. Mrs. Moore passed away on May 21, 2014. On June 24, 2014, Darryl W. Gregory qualified as executor of the Moore Estate. The Judgment, the Moore Claim and the Moore Proof of Claim constitute assets of the Moore Estate.

**Prior Deficient Plans**

11. The Chapter 13 Plan and Related Motions dated January 7, 2014 filed by the Debtors (the "First Plan") was deficient in numerous respects. Mrs. Moore filed objections to the First Plan. The Debtors withdrew the First Plan in light of her objections.

12. The Modified Chapter 13 Plan and Related Motions dated June 24, 2014 filed by the Debtors (the "Modified Plan") was deficient in numerous respects. The Moore Estate filed objections to the Modified Plan. Confirmation of the Modified Plan was denied by the Court at the confirmation hearing conducted by the Court on September 3, 2014.

**Proposed Sale of the Property**

13. Currently pending before the Court and inextricably connected to the Second Modified Plan is the Debtors' Motion to Sell Real Property (Doc. 42) and Motion for Expedited Hearing on Debtors' Motion to Sell Real Property (Doc. 48), as corrected by Motion for Expedited Hearing on Debtors' Motion to Sell Real Property (Doc. 53) (collectively, the "Motion to Sell"). In the Motion to Sell, the Debtors request the Court's authority to sell the Property.

14. Suffice it to say that the Motion to Sell and the Second Modified Plan could have been more artfully drafted, are confusing and contain certain inconsistencies.

15. The Moore Estate filed a Limited Objection to Motion to Sell on October 8, 2014 (Doc. 54).

3

16. The Court conducted an initial hearing on the Motion to Sell on October 14, 2014. The hearing was continued to October 15, 2014 and then to October 29, 2014 to coincide with the scheduled hearing on the confirmation of the Debtors' Second Modified Plan.

**Objections to Plan**

17. The Second Modified Plan, the Debtors' third plan, remains deficient and fails in a number of respects, including, but not limited to, the following:

First and as stated in its Limited Objection to Motion to Sell, the Moore Estate objects to any provision within the Second Modified Plan (or the Motion to Sell) that suggests or states that net sale proceeds from the sale of the Property may not or will not be paid to it directly by the closing agent at closing of the sale of the Property. The Second Modified Plan is less than clear on this point.

Second, the Debtors propose to make payments to "Joint Unsecured Creditors" from the proceeds of the sale of the Property and state that the Joint Unsecured Creditors are the Moore Estate and Capital One. The Moore Estate holds the sole joint unsecured claim in the case. Capital One has not filed any proofs of claims in the case and, therefore, is not entitled to receive any payments in the case. To the extent the Debtors intended to refer to the claims filed by Portfolio Recovery Associates, LLC as joint unsecured claims (Claims No. 6 and No. 7), it is clear from a review of these claims that Claim No. 6 is a claim only against Mrs. Preston and that Claim No. 7 is a claim only against Mr. Preston. Accordingly, the Moore Estate objects to any payments being made to Portfolio Recovery Associates, LLC or any other unsecured creditor/claimant from the proceeds of the sale of the Property other than to the Moore Estate.

Third, the Debtors separately classify the general unsecured creditors into the following two groups: (i) joint unsecured creditors, who are to receive payment from the proceeds of the sale of the Property and also who are to receive distributions from the $300.00 per month payments to be made by the Debtors into the Second Modified Plan and (ii) individual (non-joint) creditors, who are to receive distributions *only* from the $300.00 per month payments to be made by the Debtors into the Second Modified Plan. The Second Modified Plan seems to suggest (or the Debtors believe) that once joint creditors are paid from the proceeds of the sale of the Property – but before their claims are paid in full, their pro rata share of distributions from the $300.00 per month payments to be made by the Debtors into the Second Modified Plan shall be reduced on account of payments received. While the Moore Estate obviously cannot receive payments in excess of its claim, calculations of a claimant's pro rata share must be made pursuant to its allowed claim as of the commencement of the case -- not later after taking into consideration payments made under a plan. The Moore Estate objects to any treatment that does not provide for it to retain its pro rata/percentage claim throughout the case until the claim is paid in full regardless and notwithstanding that a portion of its claim will be paid from the proceeds of the sale of the Property.

Fourth, the Debtors propose to make payments to "Joint Unsecured Creditors" from the proceeds of the sale of the Property "distributed pursuant to a Court Order to Sell Property". No such Order has been entered and the Moore Estate has raised objections to the pursuant to its Limited Objection to Motion to Sell. Accordingly, the Moore Estate objects to payments being made pursuant to an Order which has not yet been entered and which substantive contents are not known or been agreed to by the Moore Estate.

Fifth, the Debtors propose to be paid claimed homestead exemptions from proceeds of the sale of the Property. Previously and preliminarily, the Moore Estate advised that it was agreeable to such payments as part of an agreed sale/plan process that does not appear to be taking place. That being the case, the Moore Estate hereby rescinds its consent to the payment of claimed homestead exemptions from proceeds of the sale of the Property and hereby affirmatively objects to such exemptions pursuant to Va. Code § 34-5(1). Va. Code § 34-5(1) provides that a debtor may not claim any property exemptions against debts "[f]or the purchase price of such property or any part thereof." The Judgment and the Moore Claim emanating from and constituting the Debtors' remaining indebtedness for the payment of the Purchase Price for their purchase of the Property, the Debtors are not entitled to claim any exemptions in the Property. Va. Code § 34-5(1) further provides: "If the property purchased and not paid for is exchanged for or converted into other property by the debtor, such last named property shall not be exempted from the payment of such unpaid purchase money." Accordingly, the Debtors also may not claim any exemptions in proceeds from the sale of the Property.

Sixth, the Moore Estate objects to payment of Debtor legal fees and priority treatment of such fees without having the opportunity to review and respond to counsel's yet to be filed fee application.

Seventh, the Debtors propose to make payments into the Second Modified Plan of only $300.00 per month for thirty-six (36) months for a total of $10,800.00. (Prior plans had called for $300.00 per month payments for sixty (60) months for a total of $18,000.00.) Based upon Debtors' counsel's comments at the most recent hearing conducted by the Court in this case regarding the high level of legal fees owed to counsel, virtually all of the payments will go

towards the payment of the Debtors' legal fees and Trustee commissions with very little going towards the payment of the Debtors' pre-petition general unsecured creditors.

**Prayer for Relief**

WHEREFORE, the Moore Estate respectfully requests the Court to deny confirmation of the Debtors' Second Modified Chapter 13 Plan and to grant such other and further relief as the Court shall deem just and proper.

Respectfully submitted,

Estate of Grace G. Moore

By:   /s/ David R. Ruby
             Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of October, 2014, a true and accurate copy of the foregoing Objections was served via First Class U.S. Mail (postage prepaid), via e-mail or via the Electronic Case Filing (ECF) system, as appropriate and as indicated, on the following parties:

Robert B. Van Arsdale, Esquire*
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
[Robert.B.Van.Arsdale@usdoj.gov]

Robert E. Hyman, Esquire*
P.O. Box 1780
Richmond, VA 23218-1780
[Chapter 13 Trustee]

Pia J. North, Esquire*
North & Associates, P.C.
5913 Harbour Park Drive
Midlothian, VA 23112
[Debtors' Counsel]

   /s/ David R. Ruby
       David R. Ruby

[*Indicates service by ECF or e-mail. All others served by First Class U.S. Mail, postage prepaid.]